IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Knox,                            Case No. 1:19-cv-02336

      Petitioner,                     Judge James G. Carr
                                            Magistrate Judge Carmen E. Henderson

       v.

State of Ohio,                          **Order**

      Respondent.

This is a habeas corpus case filed under 28 U.S.C. § 2254(d). Following referral, Magistrate Judge Carmen E. Henderson filed her Report and Recommendation (Doc. 16). Petitioner filed an untimely[1] Objection on January 27, 2023 (Doc. 16). Respondent filed a Response three days later. (Doc. 17).

Despite the untimely Objection, I have conducted a *de novo* review of the Report and Recommendation and find it well-taken in all respects. For the reasons that follow, I adopt the Magistrate Judge's Report and Recommendation.

Simply to summarize: Petitioner is serving an aggregate sixteen year to life sentence, following which, he will serve a five-year term of post-conviction control. His conviction resulted from a cold-case investigation of rapes involving two victims in August 1999. He was

---

[1] Petitioner's Objections were due fourteen days after service of the Report & Recommendation. The Report was served on Petitioner the same day it was issued and filed on the record, December 28, 2022, making the Objections due on January 11, 2023, as confirmed on the docket. (Doc. 15). They were filed on January 27, 2023, sixteen days out of rule. Respondent filed a response on January 30, 2023 (Doc. 17). Respondent did not raise the timeliness issue; instead arguing Petitioner's objections were non-specific and non-responsive arguments, and Petitioner had not established any substantive mistakes of fact or law in the Report. (Doc. 17, pgID 1460-62).

indicted in 2016 after the cold case investigation connected post-rape DNA with the Petitioner. The indictment charged anal and vaginal rape and kidnapping of both victims – all counts with a violent sexual predator specification.

The Petitioner admitted the sexual conduct, but claimed that the victims were prostitutes and had consented to sexual activity. At trial, the jury acquitted him of first degree kidnaping, but returned five guilty verdicts. He received eight-year sentences as to each incident for an aggregate sentence, as indicated, of sixteen years to life. The trial court had also, following Petitioner's waiver of a jury as to such contentions, found the defendant guilty as a sexual predator as to four counts. The court ordered the sentences to run consecutively to an unrelated Michigan sentence.

Petitioner asserted four assignments of error on direct appeal: 1) prejudicial pre-indictment delay; 2) prejudicial joinder resulting in admission of other acts; 3) the convictions were against the manifest weight of the evidence; and 4) prejudicial admission of statements by a deceased victim. The Court of Appeals affirmed Petitioner's convictions, but remanded to cure an error in sentencing. *State v. Knox,* 2019 Ohio 1246 (8th App. Dist. Cuyahoga April 4, 2019)

Petitioner sought review in the Ohio Supreme Court, raising the same challenges to his conviction that he had raised in the Court of Appeals. The Supreme Court declined to hear Petitioner's appeal. *State v. Knox,* 2019-Ohio-2892, 156 Ohio St. 3d 1465.

Petitioner then filed a timely motion to reopen his appeal in the Court of Appeals. That court rejected his motion. *State v. Knox*, 2019-Ohio-3567 (8th App. Dist. Cuyahoga September 3, 2019). He did not file a timely appeal to the Ohio Supreme Court.

The Petitioner does not state specific grounds in his Petition. Rather, he simply attaches his appellate brief and references the assignments of error contained therein. Though, as the

Magistrate Judge noted, "not the preferred route for asserting grounds in a habeas action," I also agree that he sufficiently, despite his unorthodox mode, has adequately asserted his grounds for relief. (Doc. 15, pgID 1428).

I further agree with the Magistrate Judge's determinations as to each of Petitioner's four claims for relief.

First, the appellate court's denial of Petitioner's claim as to prejudicial delay was not an unreasonable application of the facts or record or contrary to established law. I adopt the Magistrate Judge's thorough analysis and recitation of the applicable legal principles as to Petitioner's first claim and her rejection of that claim. (*Id.,* pgID 1435-42).

I reach the same result with regard to Petitioner's second claim for relief. Namely, that joinder of the separate incidents allowed the jury impermissibly to hear evidence of the other acts. This, he claims, would not have happened had the grand jury returned separate indictments and had he received separate trials. (*Id.,* pgID 1442- 45).[2] Simply put, Petitioner failed to show that any adverse consequence of the joinder rose to the level of actual cognizable prejudice in this proceeding.

Petitioner's third ground – conviction contrary to the manifest weight of the evidence – technically raises, as the Magistrate Judge pointed out, a non-cognizable claim. (*Id.* pgID 1445). But she also properly treated this claim as challenging the manifest weight of the evidence. (*Id.*).

Magistrate Judge Henderson also properly concluded that the Ohio appellate court did not unreasonably apply *Jackson v. Virginia*, 443 U.S. 307 (1979). It simply was, by no means, objectively unreasonable for that court to have concluded that a rational trier of fact, viewing the

---

[2] This includes the Magistrate Judge's *sua sonte* determination that preclusive default occurred, despite Respondent's failure to raise default as a basis for denying relief. (*Id.,* pgID 1444).

3

evidence most favorably for the State, to have found that the Petitioner had – beyond a reasonable doubt – committed the offenses. (*See Id.,* pgID 1446). The Magistrate Judge correctly concluded that none of Petitioner's contentions undercut that conclusion. (*Id.,* pgID 1446-48).

Finally, the Magistrate Judge, like the state court, correctly found that the appellate court's ruling that a deceased witness's hearsay statements were nontestimonial. Her application of *Davis v. Washington*, 547 U.S. 813, 823 (2006), was manifestly correct. (Doc. 15, pgID 1449).

For the foregoing reasons, it hereby ORDERED THAT:

1. The Magistrate Judge's Report & Recommendation (Doc. 15) be, and the same hereby is, **adopted**; and

2. The Petition for a Writ of Habeas Corpus be, and the same hereby is, **overruled and dismissed** with prejudice.

Jurists of reason could not rationally dispute the rationale and result of this order, and I decline to grant a Certificate of Appealability.

So ordered.

James G. Carr
Sr. U.S. District Judge